U.S. Department of Justice

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

*United States Attorney* 2014 OCT 14  PM 12: 44
District of Maryland
Northisn Division

CLERK'S OFFICE
AT BALTIMORE

BY_____410-209DEPUTY

*Rod J. Rosenstein*
*United States Attorney*

*James G. Warwick*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

TTY/TDD:410-962-4462
410-209-4860
FAX 410-962-0716

*James.Warwick@usdoj.gov*

August 11, 2014

Julie M. Reamy, Esquire
Bledsoe, Reamy, Ramirez & Mendocilla. P.A.
One South Street. Suite 2125
Baltimore, Maryland 21202

Re:   United States v. Stephanie Amber Smith
      Criminal No. WDQ-14-0109

Dear Ms. Reamy:

This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). This plea is tendered pursuant to Rule 11(c)(1)(C). The agreed sentence is six years on Count Two consecutive to seven years on Count Three of the pending Indictment, for a total of thirteen years. If the Defendant accepts this offer, please have her execute it in the spaces provided below. The terms of the agreement are as follows:

### Offense of Conviction

1.  The Defendant agrees to plead guilty to Counts Two and Three of the Indictment now pending against her, which charges her with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and the Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924 (c). The Defendant admits that she is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

2.  The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Count Two:

Revised 8/8/08

a.     On or about September 27, 2013, the Defendant, acting with Brandon Ferrell, interfered with interstate commerce and the movement of articles and commodities in such commerce through the commission of the robbery of a 7-Eleven convenience store located at 3500 Boston Street, Baltimore, Maryland;

b.     The robbery involved the taking of $160.00, more or less, from another by the wrongful use of actual or threatened force or violence;

c.     The 7-Eleven convenience store located at 3500 Boston Street, Baltimore, Maryland was engaged in the retail sales of consumer products obtained from vendors within and outside the state of Maryland and, thus, affected interstate commerce.

Count Three:

a.     The Defendant, acting with Brandon Ferrell, did possess and brandish a firearm during and in relation to the robbery of the 7-Eleven convenience store;

b.     The Defendant knowingly possessed and brandished said firearm;

c.     The robbery of the 7-Eleven convenience store is a crime which may be prosecuted in a court of the United States.

### Penalties

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Count Two: twenty years imprisonment, a $250,000 fine, followed by a term of supervised release of not more than three years.   **Count Three: seven years consecutive to any sentence imposed in connection with Count Two herein**, a $250,000 fine, followed by a term of supervised release of not more than three years.   In addition, the Defendant must pay $200.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.   This Court may also order her to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]   If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.   The Defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.   The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

---

[1].     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

a.      If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. You and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and you would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

e.      If the Defendant were found guilty after a trial, she would have the right to appeal the verdict to see if any errors were committed which would require a new trial or dismissal of the charges against her.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case. Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no

further trial or proceeding of any kind, and the Court will find her guilty.

    h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status in the event that she is not a citizen of the United States.

Advisory Sentencing Guidelines Apply

    5.  The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range.

Factual and Advisory Guidelines Stipulation

    6.  (a) This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth herein, which would be proved beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

  On or about September 27, 2013, at approximately 3:35a.m., Brandon Ferrell and Stephanie Amber Smith entered the 7-Eleven convenience store located at 3500 Boston Street, Baltimore City and did forcibly steal, at gunpoint, approximately $160.00, more or less, from a store employee. Ferrell entered the store first, grabbed an iced-tea, and went to the counter as if to pay for it.  Smith then entered the store, removed a black semi-automatic pistol from her waist area, pointed the gun at the store clerk, and ordered him to give up all the money.  Ferrell then removed the money from the cash drawer located behind the store counter. Both Ferrell and Smith then fled the store.

  The base offense level under Count Two for the crime outlined above is twenty (20) pursuant to Guideline Section 2B3.1(a).  Because Ferrell and Smith committed three other gunpoint robberies of convenience stores on September 29, 2013, Smith agrees to an upward departure and variance under Section 1B1.1. This upward departure and variance results in an agreed sentence of six years on Count Two.  Under Count Three, a sentence of seven years must be run consecutive to that of any sentence imposed under Count Two, in that firearms were brandished by the robbers.

  (b) The United States does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty.  The net offense level is 17.  However, the upward departure and variance referenced above will exceed the net offense level. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails

4

to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty.

(c) **The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a total sentence of thirteen years (156 months) imprisonment is the appropriate disposition of this case.   That sentence is comprised of six years on Count Two consecutive to seven years on Count Three.   This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of supervised release.   In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void.   Should the Defendant so elect, she will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).**

7.     The Defendant understands that there is no agreement as to her criminal history or criminal history category, but both parties believe that she has no prior convictions.

8.     This Office and the Defendant agree that there are no facts and/or sentencing guidelines factors in dispute. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3 or 4 of the United States Sentencing Guidelines will be raised or are in dispute.   The Defendant may raise factors set forth in 18 U.S.C. Section 3553(a) in mitigation of sentence

9.     At the time of sentencing, this Office will recommend that the sentence imposed herein run concurrently with any sentence Ms. Smith receives for robbery related offenses currently pending in the Circuit Court for Baltimore City.   The United States will then dismiss the remaining counts of the Indictment at the time of sentencing.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment, if any, that this Office has agreed to dismiss at sentencing.

<u>Waiver of Appeal</u>

11.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)     The Defendant knowingly waives all right, pursuant to 28 U.S.C.
§ 1291 or otherwise, to appeal the Defendant's conviction;

5

b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed, including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release.   Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Court Not a Party

12.    The Defendant expressly understands that the Court is not a party to this agreement.   In the federal system, the sentence to be imposed is within the sole discretion of the Court.   In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.   The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.   Rather, in determining the factual basis for the advisory guidelines range, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.   The judge may consider any reliable evidence, including hearsay, in fashioning the sentence.   The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.   The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this agreement.   The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.   The Defendant agrees that no one has made such a binding prediction or promise.

## Obstruction or Other Violations of Law

13.     The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and her sentencing in this case.   In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.   Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.   As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.   The Defendant acknowledges that she may not withdraw her guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Entire Agreement

14.     This agreement does not bind any federal, state, or local prosecuting authority other than this Office.   This agreement, together with the Sealed Supplement, constitutes the complete plea agreement in this case.   There are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

James G. Warwick
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.   Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.   I understand this plea agreement, and I voluntarily agree to it.   I am completely satisfied with the representation of my attorney.

_10/14/14_

Date

_____
Stephanie Amber Smith

I am Ms. Smith's attorney.   I have carefully reviewed every part of this agreement with her.   To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

10/14/14

Date

Julie M. Reamy, Esquire

8