IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No. WDQ-14-109 |
|  | * |  |
| v. | * |  |
|  | * |  |
| STEPHANIE SMITH | * |  |

\* \* \* \* \*

### MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255

Petitioner, Stephanie Smith, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On October 14, 2014, Ms. Smith was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Three).[1] Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was a Hobbs Act robbery. However, post-*Johnson*, Hobbs Act robbery categorically fails to qualify as a "crime of violence." Therefore, Ms. Smith is now innocent of the § 924(c) offense, and his conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[2] The § 924(c) residual clause is

---

[1] Ms. Smith was also convicted of Count Two, Hobbs Act robbery.

[2] Under § 924(c)(3), "crime of violence" is defined as follows:

materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness. It follows that the § 924(c) residual clause is likewise unconstitutionally vague. Hence, a Hobbs Act robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause.  Likewise, a Hobbs Act robbery offense categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause.  Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Ms. Smith's § 924(c) conviction 1) violates due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction.  Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

Ms. Smith's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."

---

(3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [known as the force clause], or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [known as the residual clause.]

Therefore, Ms. Smith respectfully requests that this Court grant her § 2255 motion and vacate her conviction.[3]

Due to time constraints, counsel cannot at this time fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

                        Respectfully submitted,

                        JAMES WYDA
                        Federal Public Defender

                        _____/s/_____
                        PARESH S. PATEL
                        Appellate Attorney
                        6411 Ivy Lane, Ste. 710
                        Greenbelt, Maryland
                        (301) 344-0600

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of June 2016, a copy of the foregoing motion was delivered via electronic filing to Debra Lynn Dwyer, Esq. Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland.

_____/s/_____
PARESH S. PATEL
Appellate Attorney